{¶ 34} I concur in the majority's disposition of appellant's sole assignment of error. However, I respectfully disagree with its stated reason for doing so.
 {¶ 35} The majority concludes, " . . . we find no error in allowing Probation Officer Arnold to testify as to the alleged violations at the first hearing as the burden was only probable cause." Maj. Op. at para. 31.
 {¶ 36} The level of the government's burden is not the issue, but rather the issue is whether appellant's right to confront adverse witnesses exists at the preliminary probable cause stage of the revocation process. Unlike the majority, I find the right of confrontation does exist at that stage unless the hearing officer specifically finds good cause exists for not allowing confrontation.Morrissey v. Brewer (1972), 408 U.S. 471 at 489. This "conditional" right to confrontation exists at both the preliminary (probable cause) hearing as well as the final hearing. Gagnon v. Scarpelli (1973)411 U.S. 778, at 786, and Columbus v. Lacy (1988), 46 Ohio App. 3d 161, at 163. Because the trial court failed to make a specific finding of good cause for denying appellant his right to confront his accuser at the preliminary probable cause hearing, I find the trial court did err in the case sub judice.
 {¶ 37} Nevertheless, I concur in the majority's decision to overrule appellant's assignment of error. Probation Officer McGee, Probation Officer Champlin, RN Trop Beebe, Police Officer Emole, Pamela Well-Exline, Probation Officer Arnold and Casey Pitts all testified at the final violation hearing. Their testimony supported the trial court's finding of a violation. Because appellant was afforded his right of confrontation at the Muskingum County, Case No. CT2006-0010final hearing, I find the error which occurred at the preliminary hearing was cured; therefore, harmless.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas, Muskingum County, Ohio, is affirmed. Costs assessed to Appellant.